IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned August 6, 2020

## IN RE  ESTATE OF GLORIA KAY MURPHY-WALLACE

**Appeal from the Circuit Court for Hamblen County**
**No. 14CV049          Beth Boniface, Judge**

_____

**No. E2020-00464-COA-R3-CV**

_____

This is an appeal of a suit contesting the validity of a Last Will and Testament.  Because the notice of appeal was not timely filed, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; AND JOHN W. MCCLARTY, J.

Michael C. Murphy, Morristown, Tennessee, pro se appellant.

Kelley Hinsley, Morristown, Tennessee, for the appellee, Estate of Gloria Kay Murphy-Wallace.

**MEMORANDUM OPINION[1]**

The appellee, the Estate of Gloria Kay Murphy-Wallace, filed a motion to dismiss this appeal on grounds that the notice of appeal was not timely filed in accordance with Rule 4(a) of the Tennessee Rules of Appellate Procedure.  The Trial Court's judgment was entered on August 16, 2019.  The appellant, Michael C. Murphy, timely filed a motion for

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

new trial pursuant to Tenn. R. Civ. P. 59.07, which the Trial Court denied by order entered December 19, 2019. Appellant then filed a motion to alter or amend pursuant to Tenn. R. Civ. P. 59.04. The Trial Court denied the motion to alter or amend by order entered February 18, 2020. Appellant filed his notice of appeal in this Court on March 18, 2020.

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect. Tenn. R. App. P. 2.; *see also Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).

The thirty-day time limit for filing a notice of appeal may be extended by the timely filing of one of four allowed motions pursuant to Tenn. R. Civ. P. 59.01. Those motions are:

> (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; or (4) under Rule 59.04 to alter or amend the judgment.

Tenn. R. Civ. P. 59.01. Rule 59.01 clearly and unambiguously provides that these four motions "are the only motions contemplated in these rules" which will extend the time for filing an appeal. *Id.* Furthermore, Rule 59.01 provides: "Motions to reconsider any of these motions are not authorized and will not operate to extend the time for appellate proceedings." *Id.*

Appellee's motion to dismiss argues that appellant's motion to alter or amend was in substance a motion for reconsideration, which is not allowed pursuant to Tenn. R. Civ. P. 59.01. Appellant filed a response[2] asserting that his motion to alter or amend was not a motion to reconsider, but rather more akin to "a Rule 52.02 motion to make additional findings of fact." Appellant asserts that his motion to alter or amend was not "attempting to relitigate the matter," but was instead attempting to "give the trial Court an opportunity to revisit and correct a mistake and error."

In *Legens v. Lecornu*, this Court discussed Rule 59.01 and summarized:

---

[2] This Court entered an Order on April 1, 2020, directing appellant to show cause why this appeal should not be dismissed as having been untimely filed. Appellant filed a response addressing our show cause order and appellee's motion to dismiss.

We can glean the following principles from Rule 59.01 and from these cases. Rule 59.01 prohibits motions to "reconsider," on the same grounds, as a previously decided Rule 59 motion. *See Gassaway*, 604 S.W.2d at 60; Tenn. R. Civ. P. 59.01. Rule 59 also prohibits a party from filing a motion to alter or amend a judgment that is *not changed* when a trial court enters an order in response to another party's timely motion to alter or amend. *See Graybeal*, 2012 WL 4459807, at *10. A party can file a motion to alter or amend a judgment that *has* been changed in response to *another party's* Rule 59 motion. *Albert*, 145 S.W.3d at 526; *Savage*, 2001 WL 1013056, at *8; *Brenneman*, 2001 WL 543434, at *3; *see also Graybeal*, 2012 WL 4459807, at *10 (recognizing that a judgment altered in a manner adverse to a party will have the effect of starting the time anew for filing a timely motion pursuant to Rule 59). In addition, filing two motions to alter or amend is not always fatal – a party can file a motion to alter or amend a judgment that was amended in response to his opponent's motion even if he or she has already filed one motion to alter or amend prior to the amended judgment. *See Barnes*, 2014 WL 1413931, at *3–4.

The question remains as to whether a party can file a Rule 59 motion in response to an amended judgment when it was that party who successfully moved for the amended judgment. We believe that such a party should be allowed to do so, assuming, of course, that the second motion is not simply a motion to "reconsider" previously asserted grounds. The purpose of a Rule 59 motion to alter or amend a judgment is to prevent unnecessary appeals by providing the trial court with an opportunity to correct errors before the judgment becomes final. *Discover Bank v. Morgan*, 363 S.W.3d 479, 489 (Tenn. 2012).

*Legens v. Lecornu*, No. W2013-01800-COA-R3-CV, 2014 WL 2922358, at *12–13 (Tenn. Ct. App. June 26, 2014).

As pertinent, appellant's motion to alter or amend attempted to raise two issues, one of which concerned a 2009 letter admitted into evidence and another which concerned a belatedly excused alternate juror. A careful and thorough review of appellant's motion for a new trial reveals that these two issues initially were raised in the motion for a new trial. Furthermore, the Trial Court specifically addressed these two issues in its December 19, 2019 order denying appellant's motion for a new trial.

The Trial Court's February 18, 2020 order denying appellant's motion to alter or amend shows that the Trial Court considered the motion to alter or amend to be a motion for reconsideration. We agree. Appellant's second Rule 59.01 motion, *i.e.*, the motion to alter or amend, did not raise new issues in response to changes to the judgment, but instead was an attempt to have the Trial Court reconsider previously asserted grounds. As such,

- 3 -

the motion to alter or amend was in substance merely a motion for reconsideration, which as discussed above, is not permitted.

The thirty-day time period for filing a notice of appeal began to run when the Trial Court entered its December 19, 2019 order denying appellant's motion for a new trial.  As appellant failed to file his notice of appeal within thirty days of entry of the order denying his motion for a new trial, the notice of appeal was untimely filed, thus depriving this Court of jurisdiction.  Appellee's motion to dismiss is hereby GRANTED and this appeal is DISMISSED.  Appellee requests an award of costs "pursuant to Rule 40, *Tennessee Rules of Civil Procedure*" and reasonable attorney's fees pursuant to this Court's "inherent authority. . . under Rule 11, *Tennessee Rules of Civil Procedure*."  Rule 40 of the Tennessee Rules of Civil Procedure does not provide for an award of costs, and appellee has not made a showing supporting an award of attorney's fees.  Costs on appeal are taxed to appellant, Michael C. Murphy, for which execution may issue.

**PER CURIAM**