FILED

09/09/2020

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 2, 2020

## CRAFTIQUE CONSTRUCTION, INC. v. ANTHONY G. JUSTICE, ET AL.

**Appeal from the Chancery Court for Loudon County**
**No. 12045     Frank V. Williams, III, Chancellor**

_____

**No. E2018-02096-COA-R3-CV**
_____

This is an appeal of a case involving a contract dispute.  Because the notice of appeal was not timely filed, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; and KRISTI M. DAVIS, J.

Linn M. Guerrero, Knoxville, Tennessee, for the appellant, Anthony G. Justice.

Christopher Wright Martin, Knoxville, Tennessee, for the appellees, Jason Chandler, and Craftique Construction, Inc.

### MEMORANDUM OPINION[1]

Upon a review of the motion to dismiss filed by the appellee, Jason Chandler, the response thereto filed by the appellant, Anthony G. Justice, and the record on appeal, we have determined that the notice of appeal was not timely filed in accordance with Rule 4(a) of the Tennessee Rules of Appellate Procedure.  The Trial Court entered an order on April

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

18, 2018, granting summary judgment to Jason Chandler and dismissing all claims against Jason Chandler. The April 18, 2018 order was certified as a final judgment pursuant to Tenn. R. Civ. P. 54.02 as it stated that there was no just reason for delay and expressly directed entry of a final judgment dismissing the claims against Jason Chandler.[2]

The certification of the April 18, 2018 order pursuant to Tenn. R. Civ. P. 54.02 created a final judgment appealable as of right. *See Fox v. Fox*, 657 S.W.2d 747, 749 (Tenn.1983) ("Rule 54.02 requires as an absolute prerequisite to an appeal the certification by the trial judge . . .. Such certification by the trial judge creates a final judgment appealable as of right under Rule 3 T.R.A.P."); *Thompson v. Logan*, No. M2005-02379-COA-R3-CV, 2007 WL 2405130, at *15 (Tenn. Ct. App. Aug. 23, 2007), *no appl. perm. appeal filed* (distinguishing *Grigsby v. Univ. of Tenn. Medical Ctr.* because the *Grigsby* judgment was final and appealable pursuant to Tenn. R. Civ. P. 54.02 and stating that in *Grigsby* "[t]he appellant was required to file a notice of appeal within thirty days of that judgment."); *Goad v. Pasipanodya*, No. 01A01-9509-CV-00426, 1997 WL 749462, at *2 (Tenn. Ct. App. Dec. 5, 1997), *no appl. perm. appeal filed* ("since the trial court designated the March 17, 1995 order as final in accordance with Tenn. R. Civ. P. 54.02, Mr. Goad should have filed his notice of appeal within thirty days after the entry of the March 17, 1995 order. His July 24, 1995 notice of appeal, to the extent it could apply to the order dismissing Mr. Goad's claims against Mr. Woodlee, was filed over two months too late.").

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . .." Tenn. R. App. P 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect. Tenn. R. App. P. 2.; *see also Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002). The appellant, Anthony G. Justice, filed his notice of appeal on November 19, 2018, well outside of the thirty-day time limit after the date of entry of the April 18, 2018 order.

The thirty-day time limit for filing a notice of appeal may be extended by the timely filing of one of four allowed motions pursuant to Tenn. R. Civ. P. 59.01. Those motions are:

(1) under Rule 50.02 for judgment in accordance with a motion for a directed

---

[2] The Trial Court entered an order on June 7, 2016 granting a motion to dismiss, or for summary judgment, and dismissing all claims against the appellant, Anthony G. Justice. The June 7, 2016 order dismissing the claims against appellant also was certified as a final judgment pursuant to Tenn. R. Civ. P. 54.02. The Trial Court entered an order on October 18, 2018 dismissing the remaining claims against Craftique Construction, Inc. pursuant to a voluntary nonsuit taken by Anthony G. Justice.

verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; or (4) under Rule 59.04 to alter or amend the judgment.

Tenn. R. Civ. P. 59.01. Rule 59.01 clearly and unambiguously provides that these four motions "are the only motions contemplated in these rules" which will extend the time for filing an appeal. *Id.* Furthermore, Rule 59.01 provides: "Motions to reconsider any of these motions are not authorized and will not operate to extend the time for appellate proceedings." *Id.*

Appellant filed a motion to alter or amend, but the filing was untimely. Rule 59.04 of the Tennessee Rules of Civil Procedure provides that: "A motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment." Tenn. R. Civ. P. 59.04. Appellant did not file the motion to alter or amend until June 14, 2018. Because appellant failed to timely file the motion to alter or amend, this motion did not operate to extend the time for the filing of an appeal of the April 18, 2018 order.

The thirty-day time period for filing a notice of appeal of the dismissal of the claims against Jason Chandler began to run when the Trial Court entered its April 18, 2018 judgment. Appellant's untimely motion to alter or amend did not operate to toll the time for filing a notice of appeal.

A review of the brief filed by appellant in this appeal shows that appellant raised two issues in his statement of the issues and both of these issues concern claims against Jason Chandler. "Review generally will extend only to those issues presented for review." Tenn. R. App. P. 13(b). Furthermore, an issue not raised in the statement of the issues contained in the brief is generally considered to be waived. *E.g., Augustin v. Bradley County Sheriff's Office*, 598 S.W.3d 220, 226 (Tenn. Ct. App. 2019). As appellant has raised no issues on appeal with regard to claims against Craftique Construction Inc., appellant has waived any issues that may have been raised against Craftique Construction, Inc.

Since appellant failed to file his notice of appeal within thirty days of entry of the Trial Court's judgment dismissing the claims against Jason Chandler, the notice of appeal was untimely filed, thus depriving this Court of jurisdiction. Furthermore, appellant has raised no issues on appeal with regard to Craftique Construction, Inc. Given all of the above, the motion to dismiss is hereby granted, and this appeal is hereby DISMISSED. Costs on appeal are taxed to appellant, Anthony G. Justice, for which execution may issue.

**PER CURIAM**