IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 13, 2021

## DONALD R. WRIGHT v. CAROL SIEGLITZ, ET AL.

**Appeal from the Chancery Court for Washington County**
**No. 19-DM-0917    John C. Rambo, Chancellor**

_____

## No. E2020-00867-COA-R3-CV

_____

This is an appeal of a case seeking judicial determination of child support. Because the appellant, Donald R. Wright ("Appellant") attempted to raise an issue regarding a separate case, which was not timely appealed, and all issues with regard to the instant case were waived, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; and KRISTI M. DAVIS, J.

Daniel Lyn Graves, II, Murfreesboro, Tennessee, for the appellant, Donald R. Wright.

Thomas J. Seeley, III and Brett Nathaniel Mayes, Johnson City, Tennessee, for the appellee, Carol Sieglitz.

## MEMORANDUM OPINION[1]

Upon a review of the motion to dismiss[2] filed by the appellee, Carol Sieglitz

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Appellee also filed a motion for an extension to file a brief, which is rendered moot by

("Appellee"), the response to the motion filed by Appellant, and the record on appeal, we have determined that the notice of appeal was not timely filed in accordance with Rule 4(a) of the Tennessee Rules of Appellate Procedure with regard to the issue raised on appeal and that Appellant waived any other issues which might have been raised.

In November of 1947, the Chancery Court at Johnson City, Tennessee entered a divorce decree in a suit between Earnest Wright and Bonnie Wright. That divorce decree provided, as pertinent:

> Complainant herein filed a petition for a divorce on the 26th day of August, 1947, seeking the dissolution of his marriage from defendant on the grounds of adultery by the defendant and denying the paternity of the child born to defendant on December 31, 1946; . . ..
>
> * * *
>
> It appears to the full satisfaction of the court from all the testimony presented that defendant is guilty of adultery and that the said child is not the child of the complainant, Earnest Wright, and the facts alleged in the bill are true and sustained by proof; that complainant has not been guilty of like acts and has not condoned the same.

Appellant is the child who was born to Bonnie Wright in 1946.

Approximately sixty-seven years after entry of the 1947 divorce decree, and approximately eleven years after the death of Earnest Wright, Appellant filed in the Superior Court for the State of California, Sacramento County ("the California Court") a "Petition for Determination of Entitlment (sic) to an Estate and Request for Copy of the Trust" alleging that Appellant was the biological child of Earnest Wright. The California Court found Appellant's claim to be without merit and dismissed his petition with prejudice in March of 2015.

In 2017, Appellant filed in the Chancery Court for Washington County, Tennessee ("the Trial Court"), a "Petition for Judicial Determination of Parentage and Set Aside the Portion of the Final Decree that renders the Petitioner, Donald Ray Wright, an Illegitimate Child," which was assigned case number 17-DM-0488. On December 12, 2017, the Trial Court entered an order stating that the 1947 divorce decree had failed to properly adjudicate Appellant's parentage. At that time, Appellant was seventy years old. The Trial Court entered the December 12, 2017 order after striking a paragraph in the proposed order, which stated that Appellant had been born of the marriage of Earnest Wright and Bonnie Wright and could inherit from Earnest Wright. On December 22, 2017, the Trial Court

this Opinion.

entered an amended order, which stated, as pertinent, that Appellant was born of the marriage of Earnest and Bonnie Wright.

In December of 2019, approximately fifteen years after the death of Earnest Wright and a few weeks before Appellant's seventy-third birthday, Appellant filed another suit in the Trial Court by way of a "Petition for Judicial Determination of Child Support," which was assigned case number 19-DM-0917. Appellant served process in this suit on Appellee, a resident of Oregon, in her capacity as trustee of the Earnest Wright and Joan J. Wright Living Trust, a trust which had been established in California. Appellee made a special appearance and contested jurisdiction asserting that neither she nor the trust had any contacts whatsoever with Tennessee.

Appellee also raised issues alleging that the orders entered by the Trial Court in December of 2017 in case number 17-DM-0488 were void. The Trial Court heard Appellee's motions in May of 2020 and entered an order on May 27, 2020 in case number 17-DM-0488 setting aside the two December 2017 orders as void for lack of jurisdiction over the parties to the 1947 divorce, the Estate of Earnest Wright, and Appellee.

Also, on May 27, 2020, the Trial Court entered an order in case number 19-DM-0917 granting Appellee's motion to dismiss and dismissing Appellant's 2019 Petition for child support after finding that the Trial Court lacked jurisdiction over the necessary parties and that the suit was time-barred on multiple grounds.

Appellant filed his notice of appeal on June 23, 2020 appealing only the judgment entered in case number 19-DM-0917. Appellant did not file an appeal of the judgment entered in case number 17-DM-0488.

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . .." Tenn. R. App. P 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect. Tenn. R. App. P. 2.; *see also Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).

A review of the brief filed by Appellant in this appeal shows that Appellant raised only one issue in his statement of the issues. That issue was whether the Trial Court erred in case number 17-DM-0488 when it found that it lacked jurisdiction and set aside the December 2017 orders as void. Appellant, however, failed to file a notice of appeal within thirty days of entry of the Trial Court's judgment in case number 17-DM-0488. As such this Court lacks jurisdiction to consider any issues regarding case number 17-DM-0488.

Appellant raised no issues regarding case number 19-DM-0917 in the statement of

issues in his brief. "Review generally will extend only to those issues presented for review." Tenn. R. App. P. 13(b). Furthermore, an issue not raised in the statement of the issues contained in the brief is generally considered to be waived. *E.g., Augustin v. Bradley County Sheriff's Office*, 598 S.W.3d 220, 226 (Tenn. Ct. App. 2019). As Appellant raised no issues regarding case number 19-DM-0917 in his statement of the issues, any issues Appellant could have raised with regard to case number 19-DM-0917 have been waived.

Given all of the above, the motion to dismiss is hereby granted, and this appeal is hereby DISMISSED. Appellee requested that we find this appeal frivolous and award her costs and fees. In the exercise of our discretion, we decline to hold this appeal frivolous. Costs on appeal are taxed to Appellant, Donald R. Wright, for which execution may issue.

**PER CURIAM**