IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 25, 2021

**RAUN SWAFFORD v. CAPRICE WOFFORD**

**Appeal from the Circuit Court for Hamilton County**
**No. 19C1341 Kyle E. Hedrick, Judge**

_____

**No. E2020-01571-COA-R3-CV**

_____

The appellee, Ruan Swafford ("Appellee"), filed a motion to dismiss this appeal alleging that the notice of appeal was not timely filed. Because the notice of appeal was not timely filed, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; THOMAS R. FRIERSON, II, J.; and KRISTI M. DAVIS, J.,

Caprice Wofford, Chattanooga, Tennessee, pro se appellant.

Samuel Jacob Gowin, Chattanooga, Tennessee, for the appellee, Raun Swafford.

**OPINION**

**MEMORANDUM OPINION[1]**

Upon a review of the motion to dismiss filed by Appellee, this Court entered an Order on December 21, 2020 ordering the appellant, Caprice Wofford ("Appellant"), to

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

show cause why this appeal should not be dismissed. Appellant responded to our show cause order stating that she mailed her notice of appeal on November 17, 2020 and that the notice of appeal should have been received by this Court on November 19, 2020. Upon a review of the motion to dismiss and the response to our show cause Order, we have determined that the notice of appeal was not timely filed in accordance with Rule 4(a) of the Tennessee Rules of Appellate Procedure. The Trial Court's judgment was entered on October 19, 2020. Appellant filed her notice of appeal in this Court on November 20, 2020.

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . .." Tenn. R. App. P 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect. Tenn. R. App. P. 2.; *see also Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).

Appellant asserts in her response to our show cause Order that she does not live in Knoxville and that she "placed [her] appeal in the Postal Clerk's hands" on November 17, 2020. She also asserts that "it is reasonable to believe that mail from Chattanooga, Tennessee to Knoxville, Tennessee would be received and filed by November 19th, 2020."

As pertinent, Rule 20 of the Tennessee Rules of Appellate Procedure provides:

> **(a) Filing.** Papers required or permitted to be filed in the appellate court shall be filed with the clerk. Filing shall not be timely unless the papers are received by the clerk within the time fixed for filing or mailed to the office of the clerk by certified return receipt mail or registered return receipt mail within the time fixed for filing. Filing will also be timely if placed with a commercial delivery service, having computer tracking capacity, within the time for filing. . ..

Tenn. R. App. P. 20(a).

Appellant mailed her notice of appeal regular U.S. mail. Appellant did not utilize certified return receipt mail, registered return receipt mail, or a commercial delivery service having computer tracking capacity. As such, in order to be considered timely filed pursuant to Rule 20, the notice of appeal had to have been received by the Appellate Court Clerk on or before November 18, 2020. Appellant's notice of appeal was not received by the Appellate Court Clerk until November 20, 2020. As such, the notice of appeal was not timely filed.

As appellant failed to file her notice of appeal within thirty days of entry of the Trial

Court's judgment, the notice of appeal was untimely filed, thus depriving this Court of jurisdiction. This appeal is hereby DISMISSED. Costs on appeal are taxed to appellant, Caprice Wofford, for which execution may issue.

**PER CURIAM**