IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 1, 2021

**IN RE JAZMINE D. ET AL.**

**Appeal from the Juvenile Court for Anderson County**
**No. J-2840720-0071, J-2840620-0072, J-3544020-0073      Brian J. Hunt, Judge**

_____

**No. E2021-00199-COA-R3-PT**

_____

The appellant, Juanita D., filed a motion to accept late-filed notice of appeal. Because the notice of appeal was not timely filed, this Court lacks jurisdiction to consider the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; JOHN W. MCCLARTY, J.; and KRISTI M. DAVIS, J.

Curtis W. Isabell, Clinton, Tennessee, for the appellant, Juanita D.

Andree Kahn Blumstein, for the appellee, Tennessee Department of Children's Services.

Lisa Kay Bailey, Knoxville, Tennessee, for the appellee, Brandon D.

Nicole Jeanette Uribe, Knoxville, Tennessee, guardian ad litem.

William P. and Shirley P., Clinton, Tennessee, pro se appellees.

**MEMORANDUM OPINION[1]**

The Juvenile Court for Anderson County ("the Trial Court") entered its judgment on January 15, 2021. Appellant filed her notice of appeal with the trial court clerk on

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

February 16, 2021. On February 22, 2021, appellant filed in this Court a motion to accept late-filed notice of appeal accompanied by a copy of the notice of appeal filed with the trial court clerk.

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . .." Tenn. R. App. P 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect. Tenn. R. App. P. 2.; *see also Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).

The Trial Court entered its judgment on January 15, 2021. The thirtieth day from the date of entry of the judgment, February 14, 2021, was a Sunday. The next day, Monday, February 15, 2021, was a legal holiday pursuant to Tenn. Code Ann. § 15-1-101. As such, appellant had until February 16, 2021 to file her notice of appeal with the appellate court clerk. Tenn. R. App. P. 21(a) ("The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101. . ..").

Appellant attempted to file her notice of appeal on February 16, 2021, but failed to file it with the appellate court clerk. Rule 4 clearly and unambiguously provides that a notice of appeal "shall be filed with the clerk of the appellate court," not the clerk of the trial court. Tenn. R. App. P. 4(a). Appellant filed nothing with the appellate court clerk until February 22, 2021, which was well outside of thirty days from the date of entry of the judgment.

As appellant failed to file her notice of appeal with the appellate court clerk within thirty days of entry of the Trial Court's judgment, the notice of appeal was untimely filed, thus depriving this Court of jurisdiction. This appeal is hereby DISMISSED. Costs on appeal are taxed to the appellant, Juanita D., for which execution may issue.

**PER CURIAM**