IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 23, 2021

## TYWAN SYKES v. JAMES BERRONG, ET AL.

**Appeal from the Circuit Court for Blount County**
**No. L-19542  David Reed Duggan, Judge**

_____

**No. E2021-00726-COA-UNK-CV**

_____

Because the notice of appeal in this case was not timely filed this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; JOHN W. MCCLARTY, J.; AND KRISTI M. DAVIS, J.

Tywan Montrease Sykes, Maryville, Tennessee, pro se appellant.

Craig Lawrence Garrett, Maryville, Tennessee, for the appellees, James Berrong, and Shannon Carswell.

## MEMORANDUM OPINION[1]

The *pro se* appellant did not file a notice of appeal in this Court, but instead filed a document titled "Motion to Continue," which appears to seek an extension of time within which to appeal the May 21, 2021 judgment of the Circuit Court for Blount County. The Motion to Continue was filed in this Court on June 22, 2021. As such, even if this Court were to construe the Motion to Continue as a notice of appeal[2], it was untimely filed to

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Rule 3 of the Tennessee Rules of Appellate Procedure provides: "An appeal shall not be

initiate an appeal. By Order entered June 30, 2021, this Court ordered appellant to show cause why this appeal should not be dismissed. Appellant failed to respond to our show cause order.[3]

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . .." Tenn. R. App. P 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect. Tenn. R. App. P. 2.; *see also Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).

Appellant filed the Motion to Continue thirty-two days after entry of the Trial Court's May 21, 2021 judgment.[4] As appellant failed to file his notice of appeal within thirty days of entry of the Trial Court's judgment, the notice of appeal was untimely filed, thus depriving this Court of jurisdiction. This Court is not at liberty to waive the procedural defect or to grant an extension of time to file an appeal. This appeal is hereby DISMISSED. Costs on appeal are taxed to the appellant, Tywan Montrease Sykes, for which execution may issue.

**PER CURIAM**

---

dismissed for informality of form or title of notice of appeal." Tenn. R. App. P. 3(f).

[3] Appellant is a *pro se* litigant incarcerated in a correctional facility. As such, Rule 20(g) of the Tennessee Rules of Appellate Procedure would apply. Rule 20(g), however, provides: "Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision." Tenn. R. App. P. 20(g). As noted above, appellant failed to respond to our show cause order and, thus, has failed to carry the burden of showing compliance with Tenn. R. App. P. 20(g).

[4] The thirtieth day after entry of the Trial Court's May 21, 2021 judgment was June 20, 2021, which was a Sunday. As such, pursuant to Rule 21 of the Tennessee Rules of Appellate Procedure, appellant had until Monday, June 21, 2021 within which to timely file his appeal. *See* Tenn. R. App. P. 21(a) ("The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday . . .."). Appellant filed his Motion to Continue on Tuesday, June 22, 2021.