FILED

07/26/2021

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 23, 2021
**ARTHUR JACK SHIPLEY v. CHRISTA ELISE SHIPLEY**

**Appeal from the Circuit Court for Hamilton County**
**No. 16-D-1610      John B Bennett, Judge**

_____

**No. E2021-00670-COA-R3-CV**

_____

Because the notice of appeal in this case was not timely filed this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; D. MICHAEL SWINEY, C.J.; AND JOHN W. MCCLARTY, J.

Arthur Jack Shipley, Hixson, Tennessee, pro se appellant.

Glenna M. Ramer, Chattanooga, Tennessee, for the appellee, Christa Elise Shipley.

**MEMORANDUM OPINION[1]**

The notice of appeal filed by the *pro se* appellant on June 17, 2021, states that appellant is attempting to appeal a final judgment entered in the Circuit Court for Hamilton County ("the Trial Court") on May 1, 2019. By Order entered July 13, 2021, this Court ordered appellant to show cause why this appeal should not be dismissed. Appellant responded to our show cause Order, but failed to show that the appeal was timely filed.

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

after the date of entry of the judgment appealed from . . .." Tenn. R. App. P 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect. Tenn. R. App. P. 2.; *see also Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).

Appellant filed his notice of appeal well beyond thirty days from the date of entry of the Trial Court's final judgment. As appellant failed to file his notice of appeal within thirty days of entry of the Trial Court's judgment, the notice of appeal was untimely filed, thus depriving this Court of jurisdiction. This Court is not at liberty to waive the procedural defect or to grant an extension of time to file an appeal. This appeal is hereby DISMISSED. Costs on appeal are taxed to the appellant, Arthur Jack Shipley, for which execution may issue.

**PER CURIAM**