# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 24, 2021

## IN RE: RAIDEN H., ET AL.

**Appeal from the Juvenile Court for Hawkins County**
**No. HJ-20-0358      Daniel G. Boyd, Judge**

_____

## No. E2021-01105-COA-R3-PT

_____

The appellant filed a motion to accept late-filed notice of appeal. Because the notice of appeal was not timely filed, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; THOMAS R. FRIERSON, II, J.; and KRISTI M. DAVIS, J.

Samuel Ervin White, Kingsport, Tennessee, for the appellant, Erin D.

Andrée Kahn Blumstein, for the appellee, Tennessee Department of Children's Services.

Deborah Annette Yeomans-Barton, Johnson City, Tennessee, guardian ad litem.

## MEMORANDUM OPINION[1]

On September 22, 2021, appellant, Erin D., filed a motion in this Court seeking to late-file a notice of appeal. The motion had attached a notice of appeal, which stated that appellant was attempting to appeal a final judgment entered by the Juvenile Court for Hawkins County ("the Trial Court") on August 18, 2021. Appellant's motion stated that

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

counsel had mailed the notice of appeal to the Appellate Court Clerk's office via regular U.S. mail on September 13, 2021. The motion further stated that counsel contacted the Appellate Court Clerk's office on September 21, 2021, and was informed that no notice of appeal had been received. The guardian ad litem filed an objection to appellant's motion to accept late-filed notice of appeal.

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect. Tenn. R. App. P. 2.; *see also Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).

We have determined that the notice of appeal was not timely filed in accordance with Rule 4(a) of the Tennessee Rules of Appellate Procedure. The Trial Court's judgment was entered on August 18, 2021. Pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure: "the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a). The thirtieth day after the date of entry of the Trial Court's judgment was Friday, September 17, 2021. Appellant filed her motion to accept late-filed notice of appeal and the attached notice of appeal in this Court on September 22, 2021.

As pertinent, Rule 20 of the Tennessee Rules of Appellate Procedure provides:

(a) Filing. - Papers required or permitted to be filed in the appellate court shall be filed with the clerk. Filing shall not be timely unless the papers are received by the clerk within the time fixed for filing or mailed to the office of the clerk by certified return receipt mail or registered return receipt mail within the time fixed for filing. Filing will also be timely if placed for delivery with computer tracking, either through a commercial delivery service or the United States Postal Service, within the time fixed for filing.

Tenn. R. App. P. 20(a).

Appellant mailed her notice of appeal via regular U.S. mail. Appellant did not utilize certified return receipt mail, registered return receipt mail, or a commercial delivery service with computer tracking capacity. As such, to be considered timely filed pursuant to Rule 20, the notice of appeal had to have been received by the Appellate Court Clerk on or before September 17, 2021. Appellant's motion to accept late-filed notice of appeal and the attached notice of appeal was not received by the Appellate Court Clerk until September 22, 2021. Thus, the notice of appeal was not timely filed.

Because appellant failed to file her notice of appeal within thirty days of entry of the Trial Court's judgment, the notice of appeal was untimely filed, thus depriving this Court of jurisdiction. This appeal is hereby DISMISSED. Costs on appeal are taxed to the appellant, Erin D., for which execution may issue.

**PER CURIAM**