IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 26, 2021

**LINDA R. KERLEY v. GEORGE OLIN KERLEY**

**Appeal from the Circuit Court for Bledsoe County**
**No. 18-CV-5671     Thomas W. Graham, Judge**

———————————————————

**No. E2021-01065-COA-R3-CV**

———————————————————

The appellee, Linda R. Kerley ("Appellee"), filed a motion to dismiss this appeal alleging that the notice of appeal was not timely filed. Because the notice of appeal was not timely filed, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; THOMAS R. FRIERSON, II, J.; and KRISTI M. DAVIS, J.

Howard Luxon Upchurch, Pikeville, Tennessee, for the appellant, George Olin Kerley.

Jennifer Austin Mitchell, Dunlap, Tennessee, for the appellee, Linda R. Kerley.

**MEMORANDUM OPINION[1]**

Upon a review of the motion to dismiss filed by Appellee, this Court entered an Order on September 15, 2021 ordering the appellant, George Olin Kerley ("Appellant"), to show cause why this appeal should not be dismissed. Appellant responded to our show cause order stating that during conversations with the Circuit Court Clerk, counsel was told that "no such order or orders were in the file nor had any such order or orders been entered from and after July 1, 2021." Appellant asserts that after a conversation with opposing

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

counsel, Appellant's counsel was "forwarded a text message with a photocopy of an Order bearing a filing date of August 6, 2021, and that counsel for the [Appellant] then immediately prepared a Notice of Appeal and filed the Notice electronically on September 9, 2021." Appellant's response to our show cause order asserts that his appeal should not be dismissed "based upon errors and omissions of the Circuit Court Clerk . . .."

We note that the signature of Appellant's counsel appears on the Trial Court's August 6, 2021 judgment along with the signature of the Trial Court Judge and the signature of Appellee's counsel in compliance with Tenn. R. Civ. P. 58. Entry of the judgment became effective when the Circuit Court Clerk stamped the judgment as filed on August 6, 2021. *See* Tenn. R. Civ. P. 58 ("Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry . . ..").  Furthermore, Rule 58 provides that "[f]ollowing entry of judgment the clerk shall make appropriate docket notations and shall copy the judgment on the minutes, but failure to do so will not affect validity of the entry of judgment." Tenn. R. Civ. P. 58.

Upon a review of the motion to dismiss and the response to our show cause Order, we have determined that the notice of appeal was not timely filed in accordance with Rule 4(a) of the Tennessee Rules of Appellate Procedure. The Trial Court's judgment was entered on August 6, 2021. Appellant filed his notice of appeal in this Court on September 9, 2021, thirty-four days after the filing of the Trial Court's judgment. The thirtieth day after the filing of the Trial Court's judgment was Sunday, September 5, 2021. The next day, Monday, September 6, 2021, was Labor Day, a legal holiday. As such, Appellant had until Tuesday, September 7, 2021 to timely file his notice of appeal. *See* Tenn. R. App. P. 21(a) ("The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101, . . ..").  As stated above, Appellant did not file his notice of appeal until September 9, 2021.

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . .." Tenn. R. App. P 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect. Tenn. R. App. P. 2.; *see also Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).

As Appellant failed to file his notice of appeal within thirty days of entry of the Trial Court's judgment, the notice of appeal was untimely filed, thus depriving this Court of jurisdiction. This appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, George Olin Kerley, for which execution may issue.

**PER CURIAM**