IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 9, 2022

**JENNIFER SUSAN BENNETT v. DUNCAN GEOFFREY BENNETT**

**Appeal from the Chancery Court for McMinn County**
**No. 2013-CV-189   Jerri Bryant, Chancellor**

———————————————————

**No. E2021-01086-COA-R3-CV**

———————————————————

Because the notice of appeal was not timely filed, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; THOMAS R. FRIERSON, II, J.; and KRISTI M. DAVIS, J.

Howard Luxon Upchurch, Pikeville, Tennessee, for the appellant, Duncan Geoffrey Bennett.

Matthew C. Rogers, Athens, Tennessee, for the appellee, Jennifer Susan Bennett.

**MEMORANDUM OPINION[1]**

Upon a review of the record, this Court determined that the notice of appeal was not timely filed in accordance with Rule 4(a) of the Tennessee Rules of Appellate Procedure. The Trial Court's judgment was entered on August 17, 2021. The appellant, Duncan Geoffrey Bennett ("Appellant") filed his notice of appeal in this Court on September 17, 2021, which is thirty-one days after entry of the order appealed. Accordingly, this Court entered an Order on January 20, 2022, ordering Appellant to show cause why this appeal

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

should not be dismissed.

Appellant filed a late response to our show cause order and a motion for an extension of time for the filing of the notice of appeal.[2]  In his motion, Appellant asks this Court to either extend the time for the filing of his notice of appeal or to construe a previous appeal, dismissed by Opinion entered on February 25, 2021, as a premature filing of the instant appeal.  If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect.  Tenn. R. App. P. 2.; *see also Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).  Furthermore, the previous appeal was dismissed for lack of jurisdiction well before entry of the final judgment in the Trial Court on August 17, 2021.  As such, no appeal that could have been considered premature was pending before this Court at the time of entry of the August 17, 2021 order.

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . .."  Tenn. R. App. P 4(a).  "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009).

Because Appellant failed to file his notice of appeal within thirty days of entry of the Trial Court's judgment, the notice of appeal was untimely filed, thus depriving this Court of jurisdiction.  This appeal is hereby DISMISSED.  Costs on appeal are taxed to Appellant, Duncan Geoffrey Bennett, for which execution may issue.

**PER CURIAM**

---

[2] Our January 20, 2022 Order ordered appellant to show cause on or before February 7, 2022.  Appellant did not file any response until February 9, 2022.