IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 6, 2022

**JARRED MORGAN WININGER v. PAIGE ASHLYNN WININGER**

**Appeal from the Chancery Court for Washington County**
**No. 21-DM-0572    John C. Rambo, Chancellor**

———————————————————

**No. E2022-00306-COA-R3-CV**

———————————————————

Because the notice of appeal in this case was not timely filed this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; AND, THOMAS R. FRIERSON, II, J.

Jessica R. Chambers McAfee, Greeneville, Tennessee, for the appellant, Paige Wininger.

Suzanne Sweet Cook and Jason Andrew Creech, Johnson City, Tennessee, for the appellee, Jarred Wininger.

**MEMORANDUM OPINION[1]**

Upon a review of the notice of appeal, this Court determined that the notice of appeal was not timely filed in accordance with Rule 4(a) of the Tennessee Rules of Appellate Procedure. The Trial Court's judgment was entered on December 8, 2021. Appellant, Paige Wininger ("Appellant"),  filed her notice of appeal in this Court on March 8, 2022, which is ninety days after entry of the Trial Court's judgment. The appellee, Jarred Wininger, filed a motion to dismiss for failure to timely file the notice of appeal. By Order

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

entered March 29, 2022, this Court ordered Appellant to show cause why this appeal should not be dismissed. Appellant responded to our show cause order admitting that her notice of appeal was untimely[2] and asserting a desire to appeal pursuant to Tenn. R. App. P. 10.

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . .." Tenn. R. App. P 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect. Tenn. R. App. P. 2.; *see also Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).

Appellant failed to file her notice of appeal within thirty days of entry of the Trial Court's judgment. As such, the notice of appeal was untimely filed, thus depriving this Court of jurisdiction to consider the appeal or to convert this Rule 3 appeal as of right to a Rule 10 extraordinary appeal. This appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, Paige Wininger, for which execution may issue.

**PER CURIAM**

---

[2] Appellant states that she is appealing the order of the trial court "entered October 6, 2021 and ratified by an Order dated December 8, 2021."