**ARFKEN & ASSOCIATES, P.A.,**

v.

**SIMPSON BRIDGE COMPANY, INC., et al.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

March 26, 2002.

Permission to Appeal Denied by Supreme Court Sept. 16, 2002.

Jes Beard, Chattanooga, Tennessee, for the appellant, Alan Arfken, successor in interest to Arfken & Associates, P.A.

Robert B. Wilson, III, Cleveland, Tennessee, for the appellee, Simpson Bridge Company, Inc.

## OPINION

CHARLES D. SUSANO, JR., J., E.S., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., joined.

This is an action by an attorney, Alan Arfken,[1] against his former client, Simpson Bridge Company, Inc. ("Simpson Bridge"),[2] seeking to recover additional fees for professional services allegedly rendered by the attorney in defending the client against a sexual harassment suit. Following a bench trial, the court below

---

1. Arfken testified that he was the successor in interest to the plaintiff, Arfken & Associates, P.A.

2. John Simpson and Jerry Simpson, principals in the defendant corporation were also sued. Their dismissal by the trial court is not challenged on this appeal.

found that the attorney was not entitled to any fees over and above those already paid. The court dismissed the original complaint. It also dismissed Simpson Bridge's counterclaim, by which the counter-plaintiff sought to recover fees allegedly overpaid by it. The attorney appeals, raising a number of issues. By way of a separate issue, Simpson Bridge argues that the attorney's notice of appeal was not timely filed. Because we agree with the defendant's contention, we find that we are without jurisdiction to hear the attorney's appeal. Accordingly, we dismiss the appeal.

I.

On May 17, 2000, the trial court entered an order dismissing the plaintiff's complaint against two individual defendants. The order further decreed "that any and all charges [by the plaintiff attorney] from and after August 18, 1993, and above the $198,000.00 bill are hereby deemed unreasonable." That order goes on to tax court costs to the plaintiff; however, the order does not recite formal action on the plaintiff's complaint against Simpson Bridge or the latter's counterclaim.

The trial court's order of May 17, 2000, was followed by the filing of three motions by the plaintiff: a motion to alter or amend judgment; a motion for findings of fact; and a motion to clarify. These motions were timely filed on June 16, 2000.

The record reflects that the plaintiff's motions were heard by the trial court on September 12, 2000, following which, on September 28, 2000, the trial court signed and entered what it denominated a "Final Order" (referred to herein as "the first Final Order"). The first Final Order reiterated the trial court's findings and holdings as set forth in the May 17, 2000, order; expounded upon those findings and holdings; supplemented them; and decreed certain relief, including the dismissal of the entire original complaint and Simpson Bridge's counterclaim. In the first Final Order, the trial court partially granted the motion for findings of fact; it denied the remaining motions.

The record does not contain any pleadings filed by either party after the entry of the first Final Order. The next document in the record is also labeled "Final Order" (referred to herein as "the subsequent Final Order"). It was signed by the trial court on October 2, 2000, and entered of record on October 11, 2000. Curiously, the subsequent Final Order is an exact copy, i.e., the exact wording, spacing, paragraphing, indenting, punctuation, etc., of the first Final Order. A side-by-side comparison of these two documents leads to the inescapable conclusion that one is a photostatic copy of the other. It is clear to the naked eye that the attorneys' signatures on the documents—and both documents contain the signatures of counsel for each of the parties—are precisely identical. It is apparent that one of the documents was signed by counsel and that the signed copy was then photocopied resulting in the two documents under discussion. It is likewise clear that the trial judge signed whichever of the documents is a copy *and* that she also signed, apparently at a different time, whichever is the original document. In other words, it is clear that, unlike the signatures of the attorneys, her signature was *not* affixed to the original before it was copied. The first Final Order and the subsequent Final Order are attached to this opinion as Appendixes A and B, respectively.

On November 1, 2000, the plaintiff filed his notice of appeal. It purports to be from a "judgment entered October 2, 2000." As can be seen from the above recitation of the facts, neither of the final orders was "entered October 2, 2000." As previously stated, the first Final Order

was entered September 28, 2000, while the subsequent Final Order was entered October 11, 2000. It should be noted, however, that the subsequent Final Order was signed by the trial court on October 2, 2000. Thus, it appears that the plaintiff was attempting to refer to the subsequent Final Order.

## II.

■ A notice of appeal must "be filed with and received by the clerk of the trial court within thirty days after the date of *entry* of the judgment appealed from." Tenn. R.App. P. 3(a) (emphasis added). "*Entry* of a judgment or an order of final disposition is effective when [the] judgment ... is marked on the face by the clerk as filed for entry." Tenn. R. Civ. P. 58 (emphasis added).

An appellate court is not authorized to extend the time for filing a notice of appeal. Tenn. R.App. P. 2. By the same token, an appellate court cannot "enlarge the time for filing a notice of appeal prescribed in [Tenn. R.App. P.] 4." Tenn. R.App. P. 21(b).

■ In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal. *McGaugh v. Galbreath*, 996 S.W.2d 186, 189 (Tenn.Ct.App.1998); *American Steinwinter Investor Group v. American Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn.Ct.App.1997). If the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal. *Id.*

## III.

In the instant case, the first Final Order was marked filed by the trial court clerk on September 28, 2000. If that is the "judgment or ... order of final disposition,"

*see* Tenn. R. Civ. P. 58, from which the plaintiff is actually appealing, the notice of appeal, having been filed on November 1, 2000—on the thirty-fourth day after the entry of the first Final Order—was not timely filed and this appeal must be dismissed.

The dissent believes that the notice of appeal was timely filed because it was filed within thirty days of the entry of the subsequent Final Order. The dissent correctly points out that when the subsequent Final Order was marked filed by the trial court clerk—on October 11, 2000—the trial court still had jurisdiction of this case. Thus, the dissent reasons, the trial court had the authority to enter the subsequent Final Order and we should calculate the time for filing the notice of appeal from that date.

We would agree with the dissent if the subsequent Final Order had changed the first Final Order; but it did not. As we have pointed out, these two documents are identical. The subsequent Final Order changes nothing; it does not even "tweak" the first Final Order. In our judgment, the subsequent Final Order—since it accomplished absolutely nothing that was not already effective by virtue of the first Final Order—is a nullity. The plaintiff is appealing from the first Final Order regardless of what the notice of appeal says.

We do not know how the subsequent final Order came to be filed. We suspect that its execution by the trial court and later filing were due to inadvertence; but regardless of how it happened to become a part of the court record, we find that the filing of the subsequent Final Order is without legal effect. Just because a court has the power to do something—and certainly the trial court retained jurisdiction of this case on October 11, 2000—does not

mean that it can accomplish something by doing "nothing."

We find and hold that the notice of appeal in this case, in order to be legally effective, had to have been filed on or before the thirtieth day following the entry of the first Final Order on September 28, 2000. It was not and hence it was not timely filed. It results that this appeal must be dismissed.

IV.

The appeal of Alan Arfken, Jr., as successor in interest to Arfken & Associates, P.A., is hereby dismissed with costs on appeal being taxed to Alan Arfken, Jr., and Arfken & Associates, P.A. This case is remanded for collection of costs assessed below, pursuant to applicable law.

D. MICHAEL SWINEY, J., dissents.

# APPENDIX A

IN THE CHANCERY COURT FOR BRADLEY COUNTY, TENNESSEE

ARFKEN & ASSOCIATES, P.A.,
    Plaintiff

v.                                No. 94-400

SIMPSON BRIDGE COMPANY, INC.,
JOHN SIMPSON, and JERRY SIMPSON
    Defendant

## FINAL ORDER

This cause came on to be heard before the Honorable Jerri S. Bryant, Chancellor for Bradley County, Tennessee, on September 12, 2000, upon the Plaintiff's Motion for Finding of Fact, Motion to Clarify, and Motion to Alter or Amend Judgment filed on or about June 16, 2000.

In considering the arguments of counsel, the Court finds that the Motion for Findings of Fact should be partially sustained in that the Order of the Court entered in this case should be amended to reflect that the Court finds the Defendants Simpson Bridge Company, Inc., paid Arfken and Associates $198,000 for legal representation related to the Colbaugh sexual harassment case, and further reflect that the Court has overruled the Plaintiff's Motion in Limine to exclude the testimony by deposition of Attorneys' David Black and Robert McMurray, as the Court finds their opinion testimony, as duly licensed attorneys, admissible and probative on the issue of the value of legal services similar to those provided by Plaintiff to Defendant Simpson Bridge Company, Inc.

The Court finds that the Plaintiff's remaining motions are not well taken and should be overruled.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Order entered in this cause on May 17, 2000, be and hereby is amended and that the Final Order of this Court shall be constituted as follows:

This matter came on to be heard on the 3rd day of March, 2000, before the Honorable Jerri S. Bryant, Chancellor for Bradley County, Tennessee, upon the record and testimony of the witnesses and parties.

Plaintiff has shown many times within the bills from 1988 to 1994 where the Defendants were not charged for certain items. There is no proof of overcharge in this case. In Peoples National Bank of Washington vs. King, 697 S.W. 2d 344, 346 (Tenn. 1985), the attorney must prove good faith and fairness in attempting to collect a fee. As long as the contract between attorney and client is fair at its inception and entered into in good faith, the attorney is entitled to compensation. To prove good faith and fairness, the following must occur:

1. The client must have understood the contract;
2. The attorney and client had a shared understanding of the contract and that the terms of the contract were reasonable and just

*4uia . 118p. 213-215*

1

FILED

SEP 2 8 2000

R. G. HYBERGER
CLERK & MASTER

In this case the client understood that contract and its terms were reasonable and just. The client in this case was Simpson Bridge Company, Inc.

Therefore, the Simpsons are personally dismissed. As stipulated by Defendant John Simpson and per the letter of August 18, 1993, no more charges were to be billed after August 18, 1993, and all charges after that date will not be collected. No interest charges will be allowed as this term was never in the contract.

Other factors to be considered in determining what is reasonable include:

1. A fixed and reasonable attorney fee;
2. Time devoted performing the legal service;
3. The time limitations imposed by the circumstances;
4. The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;
5. The fee customarily charged in the locality for similar legal services;
6. The amount involved and the results obtained;
7. The experience, reputation, and the ability of the lawyer performing the legal service.

In this case, the testimony supports the reasonableness of the hourly rate to be charged in this case. There is disputed testimony as to whether the time devoted to performing the legal services was reasonable and that, along with taking into account the results obtained as well as the ability of the lawyer performing the services, any charge above the $198,000.00 would have been unreasonable. The testimony of Attorney David Black and the testimony of co-counsel, Robert L. McMurray, support the conclusion that all charges above the $198,000 charged were unreasonable.

The Court finds that Defendant Simpson Bridge Company, Inc., paid Plaintiff the sum of $198,000 for legal representation related to the sexual harassment case of Sherry Colbaugh.

The Court further finds that the Motion in Limine filed by Plaintiff in regard to the testimony of Attorneys David Black and Robert McMurray should be overruled as the Court finds the opinion testimony of said witnesses as duly licensed attorneys to be admissible and probative on the issue of the value of legal services similar to those provided by Plaintiff to Defendant Simpson Bridge Company, Inc., and said attorneys were also fact witnesses.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. Plaintiff's Motion in Limine respecting the testimonies of attorneys David Black and Robert McMurray is overruled and denied.

2. Any and all charges from and after August 18, 1993, and above the $198,000.00 bill are hereby deemed unreasonable.

3. That the Plaintiff's Complaint and the Counter Complaint filed in this cause are hereby dismissed with prejudice.

4. It is further ORDERED that Plaintiff's Motion to Alter or Amend Judgment is denied.

The Court costs, payable to the Clerk, in this cause are taxed to the Defendants for collection of which execution may issue if necessary. No discretionary costs are awarded.

ENTERED this _28_ day of _Sept_, 2000.

_____
CHANCELLOR

APPROVED FOR ENTRY:

JES BEARD, ESQUIRE

By:_____
Jes Beard (BPR# 014170)
Attorney for Plaintiff
737 Market Street, Suite 601
Chattanooga, TN 37402

FILLAUER & WILSON, P.C.

By:_____
Robert B. Wilson, III (BPR# 5290)
Attorney for Defendants
P.O. Box 27
Cleveland, TN 37364-0027
(423) 472-1573

3

# APPENDIX B

### IN THE CHANCERY COURT FOR BRADLEY COUNTY, TENNESSEE

ARFKEN & ASSOCIATES, P.A.,
  Plaintiff

v.             No. 94-400

SIMPSON BRIDGE COMPANY, INC.,
JOHN SIMPSON, and JERRY SIMPSON
  Defendant

### FINAL ORDER

This cause came on to be heard before the Honorable Jerri S. Bryant, Chancellor for Bradley County, Tennessee, on September 12, 2000, upon the Plaintiff's Motion for Finding of Fact, Motion to Clarify, and Motion to Alter or Amend Judgment filed on or about June 16, 2000.

In considering the arguments of counsel, the Court finds that the Motion for Findings of Fact should be partially sustained in that the Order of the Court entered in this case should be amended to reflect that the Court finds the Defendants Simpson Bridge Company, Inc., paid Arfken and Associates $198,000 for legal representation related to the Colbaugh sexual harassment case, and further reflect that the Court has overruled the Plaintiff's Motion in Limine to exclude the testimony by deposition of Attorneys' David Black and Robert McMurray, as the Court finds their opinion testimony, as duly licensed attorneys, admissible and probative on the issue of the value of legal services similar to those provided by Plaintiff to Defendant Simpson Bridge Company, Inc.

The Court finds that the Plaintiff's remaining motions are not well taken and should be overruled.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Order entered in this cause on May 17, 2000, be and hereby is amended and that the Final Order of this Court shall be constituted as follows:

This matter came on to be heard on the 3rd day of March, 2000, before the Honorable Jerri S. Bryant, Chancellor for Bradley County, Tennessee, upon the record and testimony of the witnesses and parties.

Plaintiff has shown many times within the bills from 1988 to 1994 where the Defendants were not charged for certain items. There is no proof of overcharge in this case. In Peoples National Bank of Washington vs. King, 697 S.W. 2d 344, 346 (Tenn. 1985), the attorney must prove good faith and fairness in attempting to collect a fee. As long as the contract between attorney and client is fair at its inception and entered into in good faith, the attorney is entitled to compensation. To prove good faith and fairness, the following must occur:

1.  The client must have understood the contract;
2.  The attorney and client had a shared understanding of the contract and that the terms of the contract were reasonable and just.

Min. 118 p. 248-250

FILED

OCT 1 1 2000

R G. HYBERGER
CLERK & MASTER

In this case the client understood that contract and its terms were reasonable and just. The client in this case was Simpson Bridge Company, Inc.

Therefore, the Simpsons are personally dismissed. As stipulated by Defendant John Simpson and per the letter of August 18, 1993, no more charges were to be billed after August 18, 1993, and all charges after that date will not be collected. No interest charges will be allowed as this term was never in the contract.

Other factors to be considered in determining what is reasonable include:

1. A fixed and reasonable attorney fee;
2. Time devoted performing the legal service;
3. The time limitations imposed by the circumstances;
4. The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;
5. The fee customarily charged in the locality for similar legal services;
6. The amount involved and the results obtained;
7. The experience, reputation, and the ability of the lawyer performing the legal service.

In this case, the testimony supports the reasonableness of the hourly rate to be charged in this case. There is disputed testimony as to whether the time devoted to performing the legal services was reasonable and that, along with taking into account the results obtained as well as the ability of the lawyer performing the services, any charge above the $198,000.00 would have been unreasonable. The testimony of Attorney David Black and the testimony of co-counsel, Robert L. McMurray, support the conclusion that all charges above the $198,000 charged were unreasonable.

The Court finds that Defendant Simpson Bridge Company, Inc., paid Plaintiff the sum of $198,000 for legal representation related to the sexual harassment case of Sherry Colbaugh

The Court further finds that the Motion in Limine filed by Plaintiff in regard to the testimony of Attorneys David Black and Robert McMurray should be overruled as the Court finds the opinion testimony of said witnesses as duly licensed attorneys to be admissible and probative on the issue of the value of legal services similar to those provided by Plaintiff to Defendant Simpson Bridge Company, Inc., and said attorneys were also fact witnesses.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. Plaintiff's Motion in Limine respecting the testimonies of attorneys David Black and Robert McMurray is overruled and denied.

2. Any and all charges from and after August 18, 1993, and above the $198,000.00 bill are hereby deemed unreasonable.

3. That the Plaintiff's Complaint and the Counter Complaint filed in this cause are hereby dismissed with prejudice.

4. It is further ORDERED that Plaintiff's Motion to Alter or Amend Judgment is denied.

2

The Court costs, payable to the Clerk, in this cause are taxed to the Defendants for collection of which execution may issue if necessary. No discretionary costs are awarded.

ENTERED this 1 day of Oct , 2000.

_____
CHANCELLOR

APPROVED FOR ENTRY:

JES BEARD, ESQUIRE

By:_____
Jes Beard (BPR# _____ )
Attorney for Plaintiff
737 Market Street, Suite 601
Chattanooga, TN 37402

FILLAUER & WILSON, P.C.

By:_____
Robert B. Wilson, III (BPR# 5290)
Attorney for Defendants
P.O. Box 27
Cleveland, TN 37364-0027
(423) 472-1573

3

D. MICHAEL SWINEY, J., dissenting.

I respectfully dissent. I would hold that the Notice of Appeal was filed timely, and the appeal should be resolved on its mer-its. The issue as to the timeliness of the Notice of Appeal can be resolved by application of the relevant rules of the Tennes-

see Rules of Civil Procedure and the Tennessee Rules of Appellate Procedure.

I agree with the majority that the two final orders are identical except for the judge's signature and the handwritten date each was signed. There is no dispute that under Rule 59.05 of the Tennessee Rules of Civil Procedure, the Trial Court could, on its own initiative, alter or amend the final order. The Trial Court, if it wished, could have vacated its judgment or amended it in any manner it chose as long as it did so within the thirty days provided for by Rule 59.05. While not necessary to my position, I do note that while the body of the two orders are identical, the handwritten date of signing was altered by the Trial Court.

More importantly, Rule 58 of the Tennessee Rules of Civil Procedure provides that the order of October 11, 2000, became effective when that order bearing the signatures of the judge and counsel for all parties was "marked on the face by the clerk as filed for entry...." I find nothing in the Rules of Civil Procedure or in Tennessee case law that makes the October 11, 2000, final order a nullity. Likewise, I find nothing in the Rules of Civil Procedure or Tennessee case law that somehow placed the parties and their attorneys on notice that this second final order was or might be a nullity.

The Trial Court signed and dated the second final order on October 2, 2000. It was filed for entry by the court clerk on October 11, 2000. I believe the parties and their attorneys had the right under Rules 58 and 59 of the Tennessee Rules of Civil Procedure to treat this order as the final order. The Notice of Appeal was filed within thirty days after the date of entry of this final order as required by Rule 4 of the Tennessee Rules of Appellate Procedure. Therefore, I respectfully dissent from the majority's holding that the Notice of Appeal was not filed timely.