IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 30, 2022 Session

## MARIAN NEAMTU v. IVETA NEAMTU

**Appeal from the Circuit Court for Davidson County**
**No. 05D-3102          Philip E. Smith, Judge**

_____

**No. M2021-00265-COA-R3-CV**

_____

This appeal arises from a husband's petition to terminate his alimony payments to his former wife. The trial court declined husband's request and instead found that there was a substantial and material change in wife's circumstances such that an increase in alimony was necessary. Because we conclude that this appeal was not timely filed, we are without subject matter jurisdiction and therefore dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Marian Neamtu, Nashville, Tennessee, Pro se.

Thomas F. Bloom, Nashville, Tennessee, for the appellee, Iveta Neamtu.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

Marian Neamtu ("Husband") and Iveta Neamtu ("Wife") were married on July 29, 1995. There were no children born of the marriage. The parties were later divorced on December 19, 2007. In connection with the initial divorce proceedings, the trial court found that Husband earned $77,000.00 per year through his employment with Vanderbilt University and that Wife was unemployed. Taking this into consideration, it determined that not only did Husband have the ability to pay alimony, but also that Wife was in need of alimony due to her suffering from Lyme disease and her inability to work as a result of the disease.[1] Accordingly, the trial court ordered Husband to pay Wife $1,200.00 per

_____

[1] During the divorce proceedings, the trial court heard testimony from medical experts concerning Wife's prolonged illness.

month as alimony *in futuro*, as well as pay her COBRA health insurance premiums until she was no longer eligible for COBRA coverage. Husband appealed to this Court, and we affirmed, specifically noting that the "evidence in the record does not preponderate against the trial court's findings of fact concerning Wife having Lyme disease and her present inability to work." *Neamtu v. Neamtu*, No. M2008-00160-COA-R3-CV, 2009 WL 152540, at *3 (Tenn. Ct. App. Jan. 21, 2009).

On February 25, 2016, Husband filed a "Petition to Terminate Alimony," alleging in part that Wife no longer exhibited the effects of suffering from Lyme disease, that he no longer had an ability to pay alimony, and that Wife no longer had a need for the alimony. In response to Husband's filing, Wife alleged that a substantial and material change had indeed occurred, but by way of her Lyme disease worsening, such that she now had a need for increased alimony.

A hearing was later held, and on May 8, 2020, the trial court entered a "Memorandum and Order" detailing its findings of fact and conclusions of law. Based on the evidence before it, the trial court determined that Wife was chronically ill with Lyme disease and that this condition would continue for the duration of her life. As to Wife's need for alimony, the trial court found that she had "virtually nothing in the way of assets" and had "become completely dependent on the alimony" she received from Husband, as well as "the kindness of others, loans from family and friends and public assistance." The trial court determined that Wife had essentially "become a public charge." On the other hand, the trial court found that Husband had progressed in his career at Vanderbilt and had become the head of the mathematics department. Moreover, Husband's income had increased substantially since the parties' divorce, and this, in conjunction with the court's other findings as to Wife's health and lack of income and assets, supported its finding that there had been a substantial and material change of circumstances warranting a review of Wife's prior award of alimony *in futuro*. In determining whether or not Wife was entitled to an increase of alimony *in futuro*, the trial court considered all of the relevant factors set out in Tennessee Code Annotated section 36-5-121(i) as they pertained to both Husband and Wife. Ultimately, the trial court found that the statutory factors favored an increase in the amount of alimony that Husband should pay to Wife, and the court increased Wife's alimony *in futuro* to $2,400.00 per month. Additionally, Wife was awarded a judgment for her "reasonable and necessary attorney fees" in the amount of $72,075.00. This order disposed of all of the pending issues between the parties and constituted a final appealable order in the matter. Thereafter, on June 8, 2020, Husband filed a motion to alter or amend the court's final judgment.[2] Following the filing of the motion to alter or amend, Husband filed an additional motion on November 20, 2020, requesting that he be allowed to make

---

[2] Based on the record, it appears that Husband made two separate filings purporting to be a "motion to alter or amend" on the same day. One of these filings concerned the trial court's award of attorney's fees, while the other dealt with the trial court's final judgment more generally. It appears that the trial court treated these motions as one when it ultimately disposed of the issues in its order of November 30, 2020.

alimony payments via mail rather than direct deposit. On November 30, 2020, the trial court entered its order granting in part and denying in part Husband's motion to alter or amend the final judgment. On December 30, 2020, Husband filed yet another motion requesting that he be permitted to pay the discretionary costs awarded against him in installments. On February 7, 2021, the trial court entered an order disposing of the collateral issues raised in Husband's post-trial motions filed on November 20th and December 30th. Husband thereafter filed a "Notice of Appeal" on March 9, 2021.

## DISCUSSION

### *Whether This Constitutes a Timely Appeal*

Although Husband raises a number of issues in connection with the trial court's adjudication in the alimony modification proceeding, we must at the outset address a threshold matter concerning whether this Court has subject matter jurisdiction over this appeal. Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that appeals as of right "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). Nevertheless, despite the mandatory nature of this Rule, we acknowledge the existence of certain post-trial motions that, if timely filed, toll the commencement of this thirty-day appeal period until entry of an order by the trial court adjudicating such a motion. *See* Tenn. R. App. P. 4(b) ("In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party . . . the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion."). These motions extending the time for appeal from a final judgment are clearly contemplated in Rule 59.01 of the Tennessee Rules of Civil Procedure, which provides:

> Motions to which this rule is applicable are: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; or (4) under Rule 59.04 to alter or amend the judgment. **These motions are the only motions contemplated in these rules for extending the time for taking steps in the regular appellate process.** Motions to reconsider any of these motions are not authorized and will not operate to extend the time for appellate proceedings.

Tenn. R. Civ. P. 59.01 (emphasis added). If such a motion is timely filed, the time for appeal is tolled *until the trial court enters an order ruling on the motion*.

In this case, on June 8, 2020, Husband filed a Rule 59 motion to alter or amend the trial court's final order of May 8, 2020. In accordance with the Rules, this motion effectively tolled the time for appeal. The trial court ruled on Husband's motion to alter or

amend in a written order entered on November 30, 2020, granting it in part and denying it in part. It was at this point that the time for appeal began to run. *See Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003) ("[C]ertain post-trial motions, including a motion to alter or amend, if timely filed, toll commencement of the thirty-day period until an order granting or denying the motion is entered."). Husband, however, failed to file a timely notice of appeal from the trial court's November order, as he did not file his notice of appeal until March 9, 2021.[3] This is clearly outside of the thirty-day deadline for appeal after the trial court's adjudication of Husband's motion to alter or amend. Accordingly, Husband's appeal is untimely, and we lack subject matter jurisdiction to address it. *Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) ("In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal.").

*Whether Wife is Entitled to Attorney's Fees on Appeal*

In her brief, Wife requests attorney's fees on appeal. "Whether to award attorney's fees on appeal is a matter within the sole discretion of this court." *Ellis v. Ellis*, 621 S.W.3d 700, 709 (Tenn. Ct. App. 2019) (quoting *Luplow v. Luplow*, 450 S.W.3d 105, 119 (Tenn. Ct. App. 2014)). Exercising our discretion, we decline to award Wife her attorney's fees on appeal.

## CONCLUSION

Based on the foregoing, we dismiss Husband's appeal for lack of subject matter jurisdiction and decline to award Wife her attorney's fees on appeal.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[3] While Husband's motion to alter or amend extended the time for appeal pursuant to Rule 59.04 with regard to the issues tried and finally concluded in the May 8, 2020 order, this is the only post-trial motion extending the time for appeal. Accordingly, any subsequent motions are irrelevant for the purposes of considering the timeliness of Husband's appeal from the trial court's May 8, 2020 order.

- 4 -