IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## HEATHER P. HOGROBROOKS HARRIS v. TIJUANA M. HARRIS (WATSON) ET AL.

**Chancery Court for Shelby County**
**No. CH-21-1110**

_____

**No. W2022-00784-COA-R3-CV**

_____

The notice of appeal in this case was not timely filed. Therefore, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J.; STEVEN STAFFORD, P.J., W.S.; CARMA DENNIS MCGEE, J.

Heather Patrice Hogrobrooks Harris, pro se appellant.

Darius Shawn Green, pro se appellee.

Thomas Roosevelt Branch, Memphis, Tennessee, for the appellee, Tijuana Harris.

### MEMORANDUM OPINION[1]

On June 10, 2022, *pro se* Appellant, Heather P. Hogrobrooks Harris, filed a Notice of Appeal in this Court. According to the Notice of Appeal, Appellant was appealing an order of the Shelby County Chancery Court that was entered on May 3, 2022. Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court did a preliminary

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

review of the appellate record to determine whether this Court had subject matter jurisdiction over the appeal. Based on that review, we determined that this Court likely did not have subject matter jurisdiction because Appellant's notice of appeal was not timely filed.

A notice of appeal must be filed within thirty (30) days after the date of entry of the final judgment. *See* Tenn. R. App. P. 4. This thirty-day requirement may not be waived. *American Steinwinter Investor Group v. American Steinwinter, Inc.*, 964 S.W.2d 569 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal**.**" *Arfken & Associates, P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.*

The order appealed was entered by the trial court on May 3, 2022. There is no indication that any of the motions listed in Tennessee Rule of Appellate Procedure 4(b) were timely filed. Thus, Appellant's notice of appeal should have been filed with the Clerk of this Court within thirty (30) days after May 3, 2022, or by June 2, 2022. Appellant did not file a notice of appeal by that date, however. Appellant's notice of appeal was not filed with this Court until June 10, 2022.

On June 17, 2022, this Court entered an Order setting forth the aforementioned jurisdictional issue caused by Appellant's untimely Notice of Appeal. Further, the Court directed Appellant to "within fifteen (15) days of entry of [the] Order, show cause why this appeal should not be dismissed for failure to timely file the notice of appeal."

On June 28, 2022, Appellant filed a response to the Court's show cause Order. Therein, Appellant states that she did not learn of the entry of the May 3, 2022 Order until June 7, 2022, which is when she filed her notice of appeal. However, the May 3, 2022 order is signed by the trial court judge and includes a certificate of service from the trial court clerk, which certifies that the order was served on Appellant on May 4, 2022.[2] The trial court's order meets the requirements of Rule 58 of the Tennessee Rules of Civil Procedure for the valid entry of a judgment. In sum, Appellant's response to this Court's Order to show cause does not include any explanation or new information sufficient to give this Court subject matter jurisdiction over the untimely notice of appeal. *See* Tenn. R. App. P. 2.

In light of the foregoing, this appeal is hereby DISMISSED. Costs of this matter are assessed to Appellant, Heather P. Hogrobrooks Harris, for which execution may issue,

---

[2] Even using the date from the certificate of service, May 4, 2022, Appellant's notice of appeal was still untimely when filed on June 10, 2022.

if necessary.

**PER CURIAM**