IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

FILED
12/11/2023
Clerk of the
Appellate Courts

# AURORA LOAN SERVICES, LLC ET AL. v. FREDERICK J. ELAM ET AL.

**Appeal from the Chancery Court for Fayette County**
**No. 15895    Kasey Culbreath, Judge**

_____

**No. W2023-00905-COA-R3-CV**
_____

The notice of appeal in this case was not timely filed. Therefore, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S.; ARNOLD B. GOLDIN, J.; CARMA DENNIS MCGEE, J.

Frederick J. Elam, *pro se*, appellant.

Samuel Scott High, Littlerock, Arkansas, for the appellee, Aurora Loan Services, LLC.

James C. Crislip, Jr., Memphis, Tennessee, for the appellee, NationStar Mortgage, LLC.

## MEMORANDUM OPINION[1]

On June 16, 2023, Appellant, Frederick J. Elam, filed a Notice of Appeal in this Court. The Notice of Appeal related to an order of the Fayette County Chancery Court that

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

was entered on May 16, 2023.

A notice of appeal must be filed within thirty (30) days after the date of entry of the final judgment. *See* Tenn. R. App. P. 4. This thirty-day requirement may not be waived. *American Steinwinter Investor Group v. American Steinwinter, Inc.*, 964 S.W.2d 569 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Arfken & Associates, P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.*

The order appealed was entered by the trial court on May 16, 2023. There is no indication that any of the motions listed in Tennessee Rule of Appellate Procedure 4(b) were timely filed. Thus, Appellant's Notice of Appeal should have been filed with the Clerk of this Court within thirty (30) days after May 16, 2023, or by June 15, 2023. Appellant did not file a notice of appeal by that date, however. Appellant's Notice of Appeal was not filed with this Court until June 16, 2023.

On November 9, 2023, this Court entered an Order setting forth the aforementioned jurisdictional issue caused by Appellant's untimely Notice of Appeal. Appellant filed a Response on November 20, 2023, which stated that the late-filed Notice of Appeal was due to "[a]n oversight on our part that May had 31 days not 30 which caused us to be one day late." Further, Appellant requested that the Court "consider our over-sight and grant us an extension on our appeal." However, as stated above, "failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal," and "the appellate court is required to dismiss the appeal." *Arfken & Associates, P.A.,* 85 S.W.3d at 791 (Tenn. Ct. App. 2002).

In light of the foregoing, this appeal is hereby DISMISSED. Costs of this matter are assessed to Appellant, Frederick J. Elam, for which execution may issue, if necessary.

PER CURIAM

- 2 -