IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 2024

## STATE OF TENNESSEE EX REL. WILLIAM GOETZ v. DONEL AUTIN ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-1100-19      Rhynette N. Hurd, Judge**
_____

**No. W2023-01385-COA-R3-CV**
_____

The notice of appeal in this case was not timely filed. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; ARNOLD B. GOLDIN, J.; and KENNY ARMSTRONG, J.

Larry E. Parrish, Memphis, Tennessee, for the Appellant, William Goetz.

John Lewis Wardlaw, Memphis, Tennessee, for the Appellees, Donel Autin and Dana Autin.

### MEMORANDUM OPINION[1]

On September 29, 2023, Appellant, William Goetz, filed a Notice of Appeal in this Court. The Notice of Appeal related to an order of the trial court entered on August 29, 2023. Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court did a preliminary review of the appellate record to determine whether this Court had subject

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

matter jurisdiction over the appeal. Based on that review, we determined that this Court likely did not have subject matter jurisdiction because Appellant's notice of appeal was not timely filed.

A notice of appeal must be filed within thirty (30) days after the date of entry of the final judgment. *See* Tenn. R. App. P. 4. This thirty-day requirement may not be waived. *American Steinwinter Investor Group v. American Steinwinter, Inc.*, 964 S.W.2d 569 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Arfken & Associates, P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.*

In this case, Appellant is seeking to appeal an order entered by the trial court on August 29, 2023. Thus, Appellant's Notice of Appeal should have been filed with the Clerk of this Court on or before September 28, 2023. *See* Tenn. R. App. P. 4(a). However, Appellant did not file his Notice of Appeal with this Court until September 29, 2023, which was more than thirty (30) days after August 29, 2023.

On December 27, 2023, this Court entered an Order setting forth the aforementioned jurisdictional issue caused by Appellant's untimely Notice of Appeal. Further, the Court directed Appellant to "within fifteen (15) days of entry of [the] Order, show cause why this appeal should not be dismissed for failure to timely file the notice of appeal." Appellant filed a Response on January 4, 2024, in which he stated that he inadvertently filed the Notice of Appeal after the thirty (30) day deadline, and candidly admitted that this "Court has no discretion, and appellant has no defense. Therefore, the Court has no subject matter jurisdiction."

In light of the foregoing, this appeal is hereby DISMISSED. Costs of this matter are assessed to Appellant, William Goetz, for which execution may issue, if necessary.

PER CURIUM

- 2 -