IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 25, 2024

## ANGELA ASKEW v. NICHOLAS ASKEW

**Appeal from the Circuit Court for Shelby County**
**No. CT-2561-21      Mary L. Wagner, Judge**

_____

### No. W2023-01700-COA-R3-CV

_____

The notice of appeal in this case was not timely filed. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; ARNOLD B. GOLDIN, J.; and KENNY ARMSTRONG, J.

Angela Askew, Memphis, Tennessee, appellant, *pro se*.

Lori Renee Holyfield, Memphis, Tennessee, for the appellee, Nicholas Askew.

### MEMORANDUM OPINION[1]

On December 1, 2023, Appellant, Angela Askew, filed a Notice of Appeal in this Court. The Notice of Appeal related to an order of the trial court entered on October 24, 2023. Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court did a preliminary review to determine whether this Court had subject matter jurisdiction over the appeal. Based on that review, we determined that this Court likely did not have subject

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

matter jurisdiction because Appellant's notice of appeal was not timely filed.

A notice of appeal must be filed within thirty (30) days after the date of entry of the final judgment. *See* Tenn. R. App. P. 4. This thirty-day requirement may not be waived. *American Steinwinter Investor Group v. American Steinwinter, Inc.*, 964 S.W.2d 569 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Arfken & Associates, P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.*

In this case, Appellant is seeking to appeal an order entered by the trial court on October 24, 2023. Thus, Appellant's Notice of Appeal should have been filed with the Clerk of this Court on or before November 23, 2023. *See* Tenn. R. App. P. 4(a). However, Appellant did not file her Notice of Appeal with this Court until December 1, 2023, which was more than thirty (30) days after October 24, 2023.

On December 1, 2023, Appellant filed a Motion with the Clerk of this Court titled "Motion to Accept a Late File[d] Notice of Appeal." On December 21, 2023, this Court entered an Order setting forth the aforementioned jurisdictional issue caused by Appellant's untimely Notice of Appeal and denied the Motion to accept her late-filed appeal. Further, the Court directed Appellant to "within ten (10) days of entry of [the] Order, show cause why this appeal should not be dismissed for failure to timely file the notice of appeal." Appellant filed a Response on January 5, 2024, but said Response did not show good cause why this Court should not dismiss this appeal for lack of jurisdiction.

In light of the foregoing, this appeal is hereby DISMISSED. Costs of this matter are assessed to Appellant, Angela Askew, for which execution may issue, if necessary.

PER CURIUM