IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 31, 2024

**KENNETH MERRITT v. WIPRO LIMITED**

**Appeal from the Circuit Court for Shelby County**
**No. CT-0137-22      Mary L. Wagner, Judge**
_____

**No. W2023-00789-COA-R3-CV**
_____

The notice of appeal in this case was not timely filed. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; ARNOLD B. GOLDIN, J.; and KENNY ARMSTRONG, J.

Kenneth Merritt, Memphis, Tennessee, appellant, *pro se*.

Matthew G. Gallagher and Kaitlyn Abernathy Hansen, Memphis, Tennessee, for the appellee, Wipro Limited.

**MEMORANDUM OPINION[1]**

On May 26, 2023, *pro se* Appellant, Kenneth Merritt, filed a Notice of Appeal in this Court. The Notice of Appeal states that Appellant is appealing an order of the trial court that was entered on April 28, 2023. Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court did a preliminary review to determine whether this Court

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

had subject matter jurisdiction over the appeal. Based on that review, we determined that this Court likely did not have subject matter jurisdiction because Appellant's notice of appeal was not timely filed.

A notice of appeal must be filed within thirty (30) days after the date of entry of the final judgment. *See* Tenn. R. App. P. 4. This thirty-day requirement may not be waived. *American Steinwinter Investor Group v. American Steinwinter, Inc.*, 964 S.W.2d 569 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Arfken & Associates, P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.*

In this case, the Notice of Appeal relates to an order purportedly entered by the trial court on April 28, 2023. However, the appellate record is devoid of any order bearing that date. Therefore, on December 11, 2023, this Court entered an Order requiring Appellant to "either supplement the appellate record with a final judgment, or otherwise show cause in this Court why the appeal should not be dismissed for lack of jurisdiction." Appellant responded to said Order on December 18, 2023. In his Response, Appellant asserted that the trial court apparently rendered a final judgment on April 24, 2023, without his knowledge, but that the matter was still heard on April 28, 2023. Appellant contends that April 28, 2023, should be treated as the date upon which his case was dismissed.

To aid the Court in the resolution of this matter, the Court directed Appellee to reply to this Court's December 11, 2023 Order, as well as the assertions in Appellant's December 18, 2023 Response. Appellee filed a Reply on January 16, 2024. Therein, Appellee agreed with the Court that the Notice of Appeal in this matter is untimely and that the appeal must therefore be dismissed. According to Appellee, the trial court entered its judgment on October 17, 2022. Appellee then filed successive post-judgment motions to alter or amend said judgment. In any event, Appellee avers that there is no circumstance under which this Court should accept April 28, 2023 as the operable date for the trial court's final judgment.

Upon review of the record, as well as the pleadings filed by the parties, it appears to the Court that the latest possible date that the trial court may have rendered a final judgment in this case was April 24, 2023. Appellant did not file his Notice of Appeal until May 26, 2023, which is more than thirty (30) days after April 24, 2023.

In light of the foregoing, this appeal is hereby DISMISSED. Costs of this matter are assessed to Appellant, Kenneth Merritt, for which execution may issue, if necessary.

PER CURIUM