IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

**STATE OF TENNESSEE EX REL. JUDY C. FRANKS v. ANDY FRANKS**

**Appeal from the Juvenile Court for Hardin County**
**No. 21-JV-2933      Daniel L. Smith, Judge**

———————————————————

**No. W2024-00167-COA-R3-JV**

———————————————————

The notice of appeal in this case was not timely filed. Therefore, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S.; KENNY W. ARMSTRONG, J.; CARMA DENNIS MCGEE, J.

Andy Franks, *pro se*, appellant.

Jonathan Skrmetti, Attorney General and Reporter, and Mara L. Cunningham, Assistant Attorney General, for the appellee, State of Tennessee *ex rel.* Judy C. Franks.

**MEMORANDUM OPINION**[1]

On January 30, 2024, Appellant, Andy Franks, filed a Notice of Appeal in this Court. The Notice of Appeal related to an order of the Hardin County Juvenile Court that was entered on December 22, 2023.

A notice of appeal must be filed within thirty (30) days after the date of entry of the

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

final judgment. *See* Tenn. R. App. P. 4. This thirty-day requirement may not be waived. *American Steinwinter Investor Group v. American Steinwinter, Inc.*, 964 S.W.2d 569 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Arfken & Associates, P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.*

The order appealed was entered by the trial court on December 22, 2023. There is no indication that any of the motions listed in Tennessee Rule of Appellate Procedure 4(b) were timely filed. Thus, Appellant's Notice of Appeal should have been filed with the Clerk of this Court within thirty (30) days after December 22, 2023, or by January 22, 2024. Appellant did not file a notice of appeal by that date, however. Appellant's Notice of Appeal was not filed with this Court until January 30, 2024.

On April 3, 2024, this Court entered an Order directing Appellant to, within ten (10) days of the entry of said Order, show cause why this appeal should not be dismissed for failure to timely file a notice of appeal. Appellant has not responded to said Order.

In light of the foregoing, this appeal is hereby DISMISSED. Costs of this matter are assessed to Appellant, Andy Franks, for which execution may issue, if necessary.

PER CURIAM