IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

**KENNETH MERRITT v. HOME TOWN DISPOSAL, LLC**

**Appeal from the Circuit Court for Shelby County**
**No. CT-0536-22     Mary L. Wagner, Justice**
_____

**No. W2024-01453-COA-R3-CV**
_____

The notice of appeal in this case was not timely filed. Therefore, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; KENNY ARMSTRONG, J.; CARMA DENNIS MCGEE, J.

Kenneth Merritt, Memphis, Tennessee, Pro se.

Ross E. Webster, Memphis, Tennessee, for the appellee, Home Town Disposal LLC.

**MEMORANDUM OPINION[1]**

*Pro se* Appellant, Kenneth Merritt, initiated this matter on September 19, 2024, by filing a Notice of Appeal in which he indicated that he was appealing the final judgment entered on August 19, 2024, of the Circuit Court of Shelby County.

On October 8, 2024, Appellee filed a Motion to Dismiss for lack of subject matter jurisdiction. Appellee argues that, under Rule 4 of the Tennessee Rules of Appellate Procedure, the Notice of Appeal was filed one day late. Appellant filed a response in opposition to the Motion to Dismiss.

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Upon inquiry, the trial court clerk transmitted a certified copy of the subject order to the Clerk of this Court. Indeed, the final judgment herein was entered by the trial court on August 19, 2024. Generally, a notice of appeal must be filed within thirty (30) days after the date of entry of the final judgment. *See* Tenn. R. App. P. 4. This requirement may not be waived. *Am. Steinwinter Inv. Grp. v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.* Appellant's Notice of Appeal was not filed until September 19, 2024, which is more than thirty (30) days after August 19, 2024.

Based on our review of the foregoing, we determine that this Court does not have subject matter jurisdiction over this matter because Appellant's Notice of Appeal was not timely filed. Therefore, this appeal is hereby DISMISSED. Costs of this matter are assessed to Appellant, Kenneth Merritt, for which execution may issue, if necessary.

PER CURIAM