IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## LEKETRICE HARRIS v. METHODIST LEBONHEUR HEALTHCARE

**Appeal from the Chancery Court for Shelby County**
**No. CH-17-1685-3  JoeDae L. Jenkins, Chancellor**

———————————————————

**No. W2025-00467-COA-R3-CV**

———————————————————

The notice of appeal in this case was not timely filed. Therefore, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; CARMA DENNIS MCGEE, J.; VALERIE L. SMITH, J.

Christopher L. Taylor, Memphis, Tennessee, for the appellant, Leketrice Harris.

Kevin Washburn, Memphis, Tennessee, for the appellee, Methodist Le Bonheur Healthcare.

### MEMORANDUM OPINION[1]

Appellant, Leketrice Harris, initiated this matter on April 4, 2025, by filing a Notice of Appeal in which she indicated that she was appealing the final judgment entered on March 3, 2024, of the Shelby County Chancery Court.

On April 25, 2025, Appellee, Methodist Le Bonheur Healthcare, filed a Motion to Dismiss alleging that the Notice of Appeal in this matter, which was filed on April 4, 2025, was untimely. After the Notice of Appeal was filed, the Clerk of this Court received from the trial court clerk a

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

certified copy of the trial court's March 3, 2025 Order Granting Methodist Lebonheur Healthcare's Motion for Summary Judgment. Generally, a notice of appeal must be filed within thirty (30) days after the date of entry of the final judgment. *See* Tenn. R. App. P. 4. This requirement may not be waived. *Am. Steinwinter Inv. Grp. v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.* Appellant's Notice of Appeal was not filed until April 4, 2025, which is more than thirty (30) days after March 3, 2025.

On April 29, 2025, this Court entered an order directing Appellant to "within ten (10) days of the entry of this Order, show cause why this appeal should not be dismissed for failure to timely file a notice of appeal." Appellant having failed to respond thereto, this Court entered a second show cause order on May 19, 2025, permitting Appellant "a **final opportunity** to respond . . . within ten (10) days of the entry of this Order." The Order further warned: "If Appellant fails to properly respond to this Order within the time provided herein, the appeal **shall be dismissed without further notice, with costs taxed to Appellant**." As of the present date, Appellant has not filed a response to this Court's previous orders.

Based on our review of the foregoing, we determine that this Court does not have subject matter jurisdiction over this matter because Appellant's Notice of Appeal was not timely filed. Therefore, this appeal is hereby DISMISSED. Costs of this matter are assessed to Appellant, Leketrice Harris, for which execution may issue, if necessary.

PER CURIAM