IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

**ARNOLD WHITMORE ET AL. v. MEMPHIS LIGHT, GAS AND WATER DIVISION**

**Appeal from the Circuit Court for Shelby County
No. CT-001349-18  Yolanda Kight Brown, Judge**

_____

**No. W2025-02038-COA-R3-CV**

_____

The notice of appeal in this case was not timely filed. Therefore, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; CARMA DENNIS MCGEE, J.; VALERIE L. SMITH, J.

Henry E. Reaves, III, Memphis, Tennessee, for the appellants, Arnold Whitmore and Sunsiray Whitmore.

Thomas Branch, Memphis, Tennessee, for the appellee, Memphis Light, Gas, and Water.

**MEMORANDUM OPINION[1]**

Appellants, Arnold Whitmore and Sunsiray Whitmore, initiated this matter on December 19, 2025, by filing a Notice of Appeal in which they indicated that they were appealing an order entered on September 2, 2025, by the Shelby County Circuit Court.

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Generally, a notice of appeal must be filed within thirty (30) days after the date of entry of the final judgment. *See* Tenn. R. App. P. 4. This requirement may not be waived. *Am. Steinwinter Inv. Grp. v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.*

Appellants' Notice of Appeal was not filed until December 19, 2025, which is more than thirty (30) days after September 2, 2025, and there is no indication that any of the motions listed in Rule 4(b) were timely filed in order to extend that deadline. Along with their notice of appeal, Appellants filed a "Motion to Docket Appeal and for Order Directing Transmission of Notice of Appeal and Record," asserting that the Notice of Appeal in this matter was "timely filed and accepted" by the trial court clerk but was not properly transferred to the Clerk of this Court. Therefore, Appellants argued that this Court "has both the authority and discretion to correct that error and allow the appeal to be docketed and allowed to proceed on the merits." Appellee, Memphis Light, Gas, and Water Division, filed a response in opposition to the Motion on January 14, 2026.

Appellants' filing of the notice of appeal with the trial court clerk does not save the appeal. Tennessee Rule of Appellate Procedure 4(a) requires the notice to be filed with the appellate court clerk. A notice of appeal filed with the trial court clerk is a nullity and does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court. While the 2017 amendment to the Rule included a one-year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.

Based on our review of the foregoing, we determine that this Court does not have subject matter jurisdiction over this matter because Appellant's Notice of Appeal was not timely filed. Therefore, this appeal is hereby DISMISSED. Costs of this matter are assessed to Appellants, Arnold Whitmore and Sunsiray Whitmore, for which execution may issue, if necessary.

PER CURIAM