FILED

03/25/2026

Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE AT JACKSON

## STATE OF TENNESSEE EX REL. SUMMER SPRINGER v. ELIJAH WILLIAMS

### Appeal from the Juvenile Court for Carroll County
### No. 17-JV-7801      Michael U. King, Judge

_____

### No. W2025-00937-COA-R3-JV

_____

The notice of appeal in this case was not timely filed. Therefore, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; CARMA DENNIS MCGEE, J.; VALERIE L. SMITH, J.

Elijah Paul Williams, Huntingdon, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter, and Allen T. Martin, Assistant Attorney General, for the appellees, State of Tennessee - Civil, and Summer Springer.

## MEMORANDUM OPINION[1]

Pro se Appellant, Elijah Williams, initiated this matter on June 23, 2025, by filing a Notice of Appeal in which he indicated that he was appealing an order entered on April 29, 2025, by the Juvenile Court for Carroll County, Tennessee.

Generally, a notice of appeal must be filed within thirty (30) days after the date of entry of the final judgment. *See* Tenn. R. App. P. 4. This requirement may not be waived.

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

*Am. Steinwinter Inv. Grp. v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997). An appellate court cannot extend the time for filing a notice of appeal. Tenn. R. App. P. 2. "In civil cases, the failure to timely file a notice of appeal deprives the appellate court of jurisdiction to hear the appeal." *Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002) (citations omitted). In fact, "[i]f the notice of appeal is not timely filed, the appellate court is required to dismiss the appeal." *Id.*

Appellant's Notice of Appeal was not filed until June 23, 2025, which is more than thirty (30) days after April 29, 2025, and there is no indication that any of the motions listed in Rule 4(b) were timely filed in order to extend that deadline. Therefore, this Court entered an order on February 6, 2026, directing Appellant to, within fifteen (15) days, show cause why this appeal should not be dismissed for failure to file a timely notice of appeal. On February 17, 2026, Appellant responded by filing a Motion titled "Motion to Supplement the Record, Based on a Show Cause, with Motion to Waiver for the 'Interest of Justice' . . . ." Therein, Appellant "moves the court to accept the waiver and grant appellant a right to a criminal appeal."

On March 2, 2026, this Court entered an order permitting Appellant a final opportunity to show cause why this appeal should not be dismissed for failure to timely file a notice of appeal. On March 10, 2026, Appellant filed a response, in which he explained that he timely filed a Notice of Appeal *with the juvenile court*. He maintains that "the juvenile court clerk was instructed to forward the notice of appeal . . . to the criminal court of appeal in Jackson, Tennessee."

Appellant's filing of the notice of appeal with the trial court clerk does not save the appeal. Tennessee Rule of Appellate Procedure 4(a) requires the notice to be filed with the appellate court clerk. A notice of appeal filed with the trial court clerk is a nullity and does not initiate an appeal as of right or extend the time for filing a notice of appeal in this Court. While the 2017 amendment to the Rule included a one-year transitional provision providing additional time to parties who mistakenly filed a notice of appeal with the trial court clerk, that transitional provision expired in 2018.

Based on our review of the foregoing, we determine that this Court does not have subject matter jurisdiction over this matter because Appellant's Notice of Appeal was not timely filed with this Court. Therefore, this appeal is hereby DISMISSED. Costs of this matter are assessed to Appellant, Elijah Williams, for which execution may issue, if necessary.

PER CURIAM